[No. 4539.   Decided December 29, 1904.]

EATON & COMPANY, *Respondent,* v. M. G. ROYAL *et al., as Directors
    of School District No. 1, of Thurston County, Respondents,*
                and T. N. HENRY *et al., Appellants.*[1]

Appeal from an order of the superior court for Thurston county,
Linn, J., entered February 2, 1903, denying a petition for leave to
intervene. Affirmed.

*Frank C. Owings,* for appellants.

*Vance & Mitchell,* and *Ballinger, Ronald & Battle,* for re-
spondent Eaton & Co.

PER CURIAM.—The plaintiff above named is the publisher of the
"New Era U. S. History," which history the plaintiff alleges was,
on or about May 14, 1900, adopted and prescribed by the state
board of education for the use, in certain designated grades, of the
common schools of the state, for the period of five years from and
after September 1, 1900, and which the plaintiff on said date
agreed, in and by a written instrument executed by plaintiff and
said board, to furnish in sufficient quantities for the use of the
schools for the said term of five years. This action was instituted
by plaintiff to enjoin the defendants, as the board of directors of
school district No. 1, of Thurston county, from causing or permit-
ting to be used, in the seventh and eighth grades of the schools in
said district, any history other than that published by plaintiff and
required to .be used in said grades by the state course of study.
The defendants in their answer denied the material allegations of
the complaint, and stated certain new matters as and for affirm-
ative defenses. The plaintiff demurred to the new matters alleged
in the answer, and the demurrer was sustained as to each of the
affirmative defenses, except the defense that the plaintiff was not
the real party in interest, as to which defense the demurrer was
overruled. The record is silent as to what, if any, steps were sub-
sequently taken in the cause by the parties tuereto, but at this
stage of the proceedings the appellants applied to the court for
leave to intervene and become parties defendant in the suit. With
their petition for leave to intervene the appellants tendered an
answer to plaintiff's complaint, alleging facts identical with those

[1]Reported in 78 Pac. 1117.

stated in the answer of the defendants. The petition was "disallowed and dismissed" by the court, and the petitioners thereupon appealed. The question for determination in this proceeding is essentially the same as that presented on the appeal of David Lincoln, intervenor, in *Westland Publishing Co.* v. *Royal* (*ante* p. 399), and recently decided by this court. In that case we were constrained to hold that the petitioner had no legal interest in the matter in litigation, and consequently no right to intervene, and, for the reasons there stated, the order in question is affirmed.